**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**DINH SON NGUYEN**                                    **CIVIL ACTION NO. 1:26-CV-00399**

**VERSUS**                                                       **JUDGE S. MAURICE HICKS, JR.**

**BRIAN ACUNA, ET AL.**                            **MAGISTRATE JUDGE DAVID J. AYO**

## <u>MEMORANDUM ORDER</u>

Before the court is a Motion for Order to Show Cause [Doc. 3] filed by Dinh Son Nguyen ("Petitioner"), through counsel. Petitioner is a national and citizen of Vietnam who entered the United States on or about September 15, 2024, at or near Tecate, California. Petitioner encountered immigration officials at the border and was detained for three days and then was released on his own recognizance. [Doc. 1, p. 4]. He appeared before the Dallas Immigration Court on March 23, 2026, at which time he was released into the interior of the United States by immigration officials and mandated to routinely appear before US Immigration and Customs Enforcement at regular ICE check-ins, where, at the most recent of which, he was detained on or about September 30, 2025. He has remained detained at the River Correctional Center in Ferriday, Louisiana.

Petitioner seeks an order from this Court declaring his continued detention unlawful and ordering Respondents to release him forthwith from their custody. Petitioner asks the court to order the Government to respond to the petition within three days, or no more than twenty-one days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under Section 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 2018 WL 4869383, (W.D. La. 2018);[1] *See also Taylor v. Gusman*, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of Section 2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a Section 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause [Doc. 3] is GRANTED.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition [Doc. 1] within 21 days of the date of this Order. Petitioner shall have seven days to reply. After the record is complete and delays have run,

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to Section 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D. W. Va. 1997).

the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

The Clerk of Court is **INSTRUCTED** that Shannon Smitherman with the U.S. Attorney's Office is to be provided a copy of this Order via email and granted access to the Petition for Writ of Habeas Corpus [Doc. 1] and the docket in this matter.

**THUS DONE AND SIGNED** in chambers this 3rd day of March, 2026.

David J. Ayo
United States Magistrate Judge